**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **DAVID THURLOW,** | : | **No. 3:26-CV-3341** |
| **Petitioner** | : | |
| | : | **(Judge Munley)** |
| **v.** | : | |
| | : | |
| **F. GARZA,** | : | |
| **Respondent** | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

# MEMORANDUM

Petitioner David Thurlow initiated the above-captioned action by filing a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Thurlow is currently incarcerated at USP Canaan, located in the Middle District of Pennsylvania. He asks the court to order the Federal Bureau of Prisons (BOP) to expunge a disciplinary incident from his record and restore the lost good-conduct time. The court must dismiss Thurlow's Section 2241 petition because he has failed to exhaust administrative remedies and that failure is obvious from the face of his petition.

## I. BACKGROUND

Thurlow is currently incarcerated at USP Canaan. His current projected release date, according to the BOP's inmate locator, is October 30, 2028. See FED. BUREAU OF PRISONS INMATE LOCATOR, https://www.bop.gov/inmateloc/ (searching BOP Register Number "12589-036") (last visited Nov. 13, 2026).

Thurlow lodged the instant Section 2241 petition in this court on November 12, 2026. (See generally Doc. 1). According to his petition and the prisoner mailbox rule, he filed his petition on November 4, 2026. (See id. at 3); Pabon v. Mahanoy, 654 F.3d 385, 391 n.8 (3d Cir. 2011) ("The federal 'prisoner mailbox rule' provides that a document is deemed filed on the date it is given to prison officials for mailing.").

In his petition, he argues that he was wrongfully charged with and found guilty of a disciplinary offense involving possession of suboxone, for which he has a legitimate medical prescription. (See Doc. 1 at 1-2). He avers that he appealed to the Regional Director of the Northeast Regional Office, and on October 8, 2026, the Regional Director denied the appeal. (Id. at 1). He further asserts that he filed his final appeal to the General Counsel (or "Central Office") on October 11, 2026. (Id.) According to Thurlow, General Counsel has not timely responded and therefore his final appeal is deemed denied. (Id. at 1-2).

## II. DISCUSSION

Thurlow's Section 2241 petition is unreviewable at this time because he has not yet exhausted administrative remedies. The court will therefore dismiss his Section 2241 petition without prejudice and without requiring a response from the government. See 28 U.S.C. § 2254 Rule 4 ("If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the

district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."); see also 28 U.S.C. § 2254 Rule 1(b) (permitting district court, in its discretion, to apply Rules Governing Section 2254 Cases to Section 2241 habeas petitions).

Although there is no explicit statutory exhaustion requirement for Section 2241 habeas petitions, the United States Court of Appeals for the Third Circuit has consistently held that exhaustion applies to such claims. See Callwood v. Enos, 230 F.3d 627, 634 (3d Cir. 2000) (citing Schandelmeier v. Cunningham, 819 F.2d 52, 53 (3d Cir. 1986)); Moscato v. Fed. Bureau of Prisons, 98 F.3d 757, 760 (3d Cir. 1996). Exhaustion allows the relevant agency to develop a factual record and apply its expertise, conserves judicial resources, and provides agencies the opportunity to "correct their own errors" thereby fostering "administrative autonomy." Moscato, 98 F.3d at 761-62 (citations omitted).

The Bureau of Prisons has a specific internal system through which federal prisoners can request review of nearly any aspect of their imprisonment. See generally 28 C.F.R. §§ 542.10-.19. That process begins with an informal request to staff and progresses to formal review by the warden, appeal with the Regional Director, and—ultimately—final appeal to the General Counsel (or "Central Office"). See id. §§ 542.13-.15. In challenges to disciplinary proceedings before a DHO, the normal administrative remedy process is modified slightly, and only

requires an inmate to appeal the DHO's decision to the Regional Director and then to final review with the General Counsel. See id. §§ 542.14(d)(2), 542.15.

Exhaustion is the rule in most cases, and failure to exhaust will generally preclude federal habeas review. See Moscato, 98 F.3d at 761. Only in rare circumstances is exhaustion of administrative remedies not required. For example, exhaustion is unnecessary if the issue presented is one that consists purely of statutory construction. See Vasquez v. Strada, 684 F.3d 431, 433-34 (3d Cir. 2012) (citing Bradshaw v. Carlson, 682 F.2d 1050, 1052 (3d Cir. 1981)). Exhaustion is likewise not required when it would be futile. Rose v. Lundy, 455 U.S. 509, 516 n.7 (1982); see Cottillion v. United Refining Co., 781 F.3d 47, 54 (3d Cir. 2015) (affirming, in ERISA context, futility exception to exhaustion requirement). "In order to invoke the futility exception to exhaustion, a party must 'provide a clear and positive showing' of futility before the District Court." Wilson v. MVM, Inc., 475 F.3d 166, 175 (3d Cir. 2007) (quoting D'Amico v. CBS Corp., 297 F.3d 287, 293 (3d Cir. 2002)).

Thurlow contends that he has exhausted administrative remedies, (see Doc. 1 at 1), but he is wrong. He recounts that the Regional Director denied his initial appeal on October 8, 2026, and that he filed his final appeal to the General Counsel (using form BP-11) on October 11, 2026. (See id.). He then asserts that General Counsel (or "Central Office") is "allotted 40 calendar days to

respond, with a potential 20-day extension upon notice." (Id.) This assertion is accurate under BOP regulations. See 28 C.F.R. § 542.18 (giving General Counsel "40 calendar days" to respond to the appeal and the option for one extension of 20 days).

Nevertheless, 40 calendar days from October 11, 2026, (assuming, only for purposes of this Rule 4 screening, that this is the date Thurlow's final appeal was "logged into the Administrative Remedy Index as received," 28 C.F.R. § 542.18), is November 20, 2026. This November 20 deadline further assumes that General Counsel will not request a 20-day extension. Thus, when Thurlow filed his Section 2241 petition on November 4, 2026, it was filed almost *three weeks* too early.

Prisoner disciplinary decisions are well within the purview of the BOP, which is best situated to address these issues in the first instance. Thurlow is required to press his challenge to his disciplinary offense and sanctions through all levels of administrative review. See Woodford v. Ngo, 548 U.S. 81, 90 (2006) (explaining that proper administrative exhaustion "means using all steps that the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits)" (citation omitted)). He has not done so.

In summary, Thurlow has failed to exhaust administrative remedies, and his failure to exhaust is obvious from the face of his petition. This court, therefore,

cannot rule on the merits of his Section 2241 petition. See Moscato v. Fed. Bureau of Prisons, 98 F.3d 757, 762 (3d Cir. 1996); Ryan v. United States, 415 F. App'x 345, 347 (3d Cir. 2011) (nonprecedential) ("As [Petitioner] readily acknowledges that he failed to exhaust available administrative grievance processes, the District Court was correct to dismiss his petition." (citing Moscato, 98 F.3d at 760)).

Instead, the court will dismiss without prejudice Thurlow's Section 2241 petition. Thurlow may refile his petition after he has fully exhausted his administrative remedies through the BOP's administrative remedy system.

## III. CONCLUSION

Based on the foregoing, the court will dismiss without prejudice Thurlow's premature petition for a writ of habeas corpus under 28 U.S.C. § 2241. An appropriate order follows.

**Date:** 11/13/26

**BY THE COURT:**

**JUDGE JULIA K. MUNLEY**
**United States District Court**